Date signed May 24, 2007



_____
DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In Re: | * | |
| | | Case No.: 06-15074 |
| **JEFFREY and MARINELLE CARTER** | * | |
| | | Chapter 13 |
| Debtors. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM OF DECISION

The matter comes before the Court upon Debtors' Motion to Compel (the "Motion") and the opposition thereto filed by creditor, Long Island University ("LIU"). This Court finds the facts and arguments are fully set forth in the Motion and Opposition, and in the case record; and has determined that a hearing will not aid in the decisional process.

### FACTUAL BACKGROUND

The relevant facts are not in dispute. Debtors are the parents of Clarissa Lynn Carter and

Jennifer Nell Carter, both former students of LIU's C.W. Post Campus in Brookville, New York. Neither Clarissa Lynn Carter, nor Jennifer Nell Carter have sought relief under the Bankruptcy Code, and are not debtors in this matter.

Debtors' daughters attended LIU during the 2005-2006 academic year. In May 2006, Clarissa Lynn Carter had completed the requisite course work required to receive her diploma evidencing the award of a bachelor of arts degree. Jennifer Nell Carter had earned 34 credits toward her undergraduate degree. Each of the Carter daughters incurred fees and tuition expenses while attending LIU during the 2005-2006 academic year.

At the end of the Spring 2006 semester, incurred fees and expenses remained unpaid. LIU maintains an official, campus-wide policy that prohibits the release of academic transcripts, records, and diplomas to students having unpaid financial obligations with the university. Because the student accounts of Clarissa Lynn Carter and Jennifer Nell Carter remain unpaid, LIU has enforced its policy against Debtors' daughters, and refused to release their daughters' academic records and diploma.

It is unclear to what extent Debtors are obligated for the unpaid LIU fees and expenses. Debtors scheduled two debts to LIU totaling $20,825.00 but designated the same as "disputed." LIU's opposition to the Motion states that the "Carters' debt to the University is in excess of $24,000.00," and adds that the university is not opposed to Debtors' proposed plan of repayment.

Debtors assert that their children, Clarissa Lynn Carter and Jennifer Nell Carter have been harmed by LIU's policy, which Debtors contend hampers their daughters' ability to pursue further academic and/or professional opportunities. Debtors cite no specific legal authority for

their demand.[1]  LIU's opposition contained in a letter sent to the court, defends its decision to withhold the transcripts/diploma, and avers that their policy has been properly enforced against Debtors' daughters in the instant case based upon the "status of the Carters' accounts."  LIU states that the transcripts and diploma will be released when the Debtors receive a discharge in this case.[2]

Although neither party makes reference to the automatic stay, the issue raised by this dispute invokes the question of whether LIU's refusal to release the documents is a violation of 11 U.S.C. § 362(a).  Specifically, is LIU's refusal to provide the documents a prohibited act to exercise control over property of the estate and/or a prohibited act against the debtor to collect a claim?

Courts have reached widely differing results concerning the effect of Section 362(a) upon a University's refusal to release documents until debts are paid.  Caselaw includes decisions finding no violation of the automatic stay when a college or university enforces a policy prohibiting the release of academic transcripts, records or diplomas against a student-debtor having an unpaid obligation with that institution, as long as the institution's actions are not a coercive tactic intended to compel payment from a student debtor.  *In re Billingsley*, 276 B.R. 48 (Bankr. D.N.J. 2002).  On the other hand, the majority of decisions find a violation of the automatic stay when a university withholds transcripts from a student-debtor in an effort to

---

[1] Debtor filed the Motion without involvement of their counsel, which counsel subsequently has withdrawn representation.

[2] In Chapter 13, a discharge is not granted until performance of the confirmed plan is completed.

enforce or collect upon a pre-petition debt.[3] *Loyola Univ. v. McClarty*, 234 B.R. 386 (Bankr.E.D. La.1999). Decisions also find that when a university withholds the transcript of a student-debtor who has defaulted on his or her educational loans, the stay is violated. There are differences as well as to the effect of a determination of non-dischargeability as to the debt on this issue. *Parker v. Boston Univ. (In re Parker)*, 334 B.R. 529 (Bankr. E.D. Mass.2005).

There is a significant factual distinction between the case *sub judice* and those cases which have found a violation of the automatic stay. In the reported decisions finding a violation of the automatic stay, the debtor is the student whose transcript and/or diploma is being withheld by a university. In the case before this court, it is the daughters of the Debtors who are the students holding rights (perhaps conditioned upon payment) to the transcripts and diploma in question. It is therefore clear that there is no invocation of an automatic stay by the operation of Section 362(a)(3). The Debtors and the bankruptcy estate have no interest in the transcripts as property, and therefore the university's withholding of the transcripts and diploma cannot be a violative act to control property of the estate.

Even where the debtor is the party with the interest in the property over which the creditor has control at the date of the petition, the creditor is not always required to take an affirmative

---

[3] A university policy that withholds transcripts from a student debtor has been found to violate the automatic stay in several situations. First, if a university withholds the transcript of a student-debtor who has defaulted on his or her educational loans" the stay is violated. *In re Billingsley* 276 B.R. 48 (Bankr.D.N.J. 2002). *See also Parker v. Boston Univ. (In re Parker)*, 334 B.R. 529 (Bankr.E.D. Mass. 2005); *Loyola Univ. v. McClarty*, 234 B.R. 386 (Bankr. E.D.La. 1999). Similarly, if a university policy is enforced against a student debtor as an attempt to coerce payment of the outstanding financial obligation, the stay is violated. *Id*. *See also In re Merchant*, 958 F.2d 738 (6th Cir. 1992); *In re Walker,* 336 B.R. 534 (Bankr. M.D.Fla. 2005); *Virginia Union Univ. v. Parham (In re Parham)*, 56 B.R. 531 (Bankr. E.D.Va. 1986); *In re Reese*, 38 B.R. 681 (Bankr.N.D. Ga. 1984).

action to release that control. *See Massey v. Chrysler Fin. Corp. (In re Massey)*, 210 B.R. 693, 696 (Bankr. D. Md. 1993). This may particularly be true where the release of such control will destroy the interest of the creditor in the property. *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 21, 116 S.Ct. 286, 290 (1995). While courts have differed as to whether withholding transcripts and diploma is improper control over property of the estate or to the contrary "is merely a refusal to perform on a promise to create and deliver a record of the debtor's academic performance," *Billingsley*, 276 B.R. at 53, there is no question of exercise or control or dominion over property of the estate in this case.

      Nor does the court find under the facts of this case that the refusal by LIU to release the documents is a violative act to collect or recover a claim against the Debtors. It appears a matter of dispute as to whether the Debtors are co-liable to the university, given that the Debtors have scheduled the claim of LIU as "disputed." Assuming solely for purposes of this decision that the Debtors are co-liable and that therefore LIU has a potential claim against the Debtors,[4] the automatic stay does not protect the Debtors against all emotional distress created by a continuing effort of a creditor to enforce the contract against a third party. *Cf In re Brown*, 12 B.R. 885 (Bankr. N.D. Ga. 1981)("though [debtor] may feel a moral obligation to pay her daughter's debt . . . [the school] has not violated the automatic stay of 11 U.S.C. § 362(a)(6) in the instant case.").

      Under the facts of this case, this court concludes that there has been no violation of the automatic stay and that therefore the motion of the Debtors must be denied.

      An Order consistent with this Memorandum will be entered.

---

[4] LIU has not filed a proof of claim in this case.

cc:    Marinelle and Jeffrey Carter, Debtors
       Constance M. Hare, Esquire, Counsel for Debtors
       Suzanne V. Shane, Esquire, Counsel for Long Island University
       Gerard R. Vetter, Chapter 13 Trustee
       U.S. Trustee

**End of Order**